IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARTIN BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:18-cv-565-GMB |
| | ) | [wo] |
| ALABAMA STATE DEPARTMENT | ) | |
| OF EDUCATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Now before the court is a motion to dismiss filed by Defendants Alabama State Department of Education ("ALDOE"), June Barrett, and Perry Fulton. Doc. 8. Plaintiff Martin Brooks filed this lawsuit on June 7, 2018, alleging several state and federal claims arising out of his attempt to have a barbeque sauce sold to public schools in Alabama. Doc. 1. Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. Docs. 16 & 17. After careful consideration of the parties' submissions and the applicable law, and for the reasons discussed below, the motion to dismiss (Doc. 8) is due to be GRANTED in part and DENIED in part.

## **I. JURISDICTION AND VENUE**

The court has subject-matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 and § 1367. The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations to support both.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The facts as alleged in the complaint are as follows. Brooks is the owner and sole proprietor of DatGoodSauce. ALDOE oversees and supervises the Child Nutrition Program for public schools in Alabama. Barrett is the Program Coordinator for the Child Nutrition Program with the ALDOE and Fulton is the former Program Coordinator.

Brooks alleges that in February 2011 he contacted a public high school in Birmingham, Alabama about purchasing his barbeque sauce. He was told to contact the Child Nutrition Program with ALDOE, and did so. Fulton, of the Child Nutrition Program, told Brooks to check back in November 2011. Brooks did as requested. At that time Brooks was told that he would receive correspondence on how to present product information to the state. After subsequently meeting with the state's purchasing committee, Brooks received correspondence from Fulton stating that Brooks' product would be taste tested by students. Brooks alleges that he was not informed about the bid process or prebid requirements and was not provided a bid document. Doc. 1 at 5. Brooks became concerned about the legitimacy of the taste testing. He contacted Fulton in March 2012 to request the taste test results and alleges that he received incomplete testing documentation.

Brooks complained to the USDA and the Office of Inspector General. He then received a report which said that "due to some violations," he would be allowed to retest. Doc. 1 at 6. Brooks alleges that he spent all of 2015 trying to get the Child Nutrition Program office to provide open bids. He alleges that in 2016 he received notice from the Office of Inspector General that the investigation of the bid process would be reopened. Brooks alleges that his counsel's paralegal/investigator separately researched the situation
...

and determined that some of the schools may not have actually conducted the taste test. Brooks alleges that he has never received documents showing that the taste test was conducted or a copy of his bid contract.

Based on these allegations, Brooks brings the following claims: a violation of due process against the ALDOE, Fulton, and Barrett; violations of the Code of Federal Regulations ("CFR") by the ALDOE, Barrett, and Fulton; violations of the Code of Alabama by the ALDOE, Fulton, and Barrett; negligence claims against the ALDOE, Fulton, and Barrett; and claims of negligent hiring, retention, and supervision against the ALDOE.

### III. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is "plausible on its face" if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations need not be detailed, but "must be enough to raise a right to relief above the speculative level," *id.*, and "unadorned, the-defendant-unlawfully-harmed-me

accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 678.

## IV. DISCUSSION

### A. Federal Claims

#### 1. *ALDOE*

Defendants move to dismiss Brooks' claims against the ALDOE on the ground that Eleventh Amendment immunity prohibits suits for damages against a state by citizens of that or another state absent a waiver by that state. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Defendants argue that as an arm of the state, the ALDOE is immune from this suit. Brooks argues in response that *Ex parte Young*, 209 U.S. 123 (1908), and *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976), allow him to proceed with his federal due process claim.

Brooks' reliance on *Ex parte Young* and *Fitzpatrick* is misplaced. *Ex parte Young* applies to state officials, not a department of the state, and does not provide authority for proceeding directly against the ALDOE. *Ex parte Young*, 209 U.S. at 128. *Fitzpatrick* held that Congress is authorized to allow for a monetary award in a case brought under Title VII. *Fitzpatrick*, 427 U.S. at 457. Brooks' federal claims in this case are not Title VII claims, but are claims for violation of federal law pursuant to 42 U.S.C. § 1983.

"Congress has not abrogated Eleventh Amendment immunity in section 1983 cases." *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990). Alabama has not waived its immunity. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The ALDOE is a department of the state. *See* Ala. Code § 16-2-2; *Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1502–03 (11th Cir. 1995) (citing Alabama Code section establishing department in applying Eleventh Amendment

4

immunity). Therefore, the Eleventh Amendment bars Brooks' § 1983 claims asserted against the ALDOE, and those claims are due to be dismissed.

### 2. *Individual Defendants in Official Capacities*

The individual defendants, in their capacities as officials of the ALDOE, are "state officials." Ala. Code § 22-50-2. "[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the [governmental entity for which the named individual serves]." *Graham*, 473 U.S. at 165; *see also Cross*, 49 F.3d at 1503 (stating that "[o]fficial capacity actions seeking damages are deemed to be against the entity of which the officer is an agent"). Therefore, the Eleventh Amendment bars Brooks' § 1983 lawsuit for monetary damages against Barrett and Fulton in their official capacities.

Under the doctrine of *Ex parte Young*, as noted above, there is an exception to Eleventh Amendment immunity which allows suits against state officers seeking prospective equitable relief to end continuing violations of federal law. *See Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1338 (11th Cir. 1999). Upon review of the complaint filed in this case, it is unclear whether Brooks seeks such relief. The prayer for relief seeks monetary damages and "further relief as the court deems just and equitable." Doc. 1 at 30. Brooks will, therefore, be given an opportunity to amend the complaint to clarify the damages sought. Brooks is cautioned, however, that "to obtain prospective injunctive relief a plaintiff must show that he faces a substantial likelihood of injury in the future." *Wooden v. Bd. of Regents of Univ. Sys. of Georgia*, 247 F.3d 1262, 1284 (11th Cir. 2001).

### *3. Individual Defendants in Individual Capacities*

Brooks has brought several claims for violations of federal law against the individual defendants in their individual capacities. Although Defendants move for dismissal of Brooks' complaint in its entirety, they do not articulate an immunity defense that applies to the federal claims brought against Defendants Barrett and Fulton in their individual capacities. The court has reviewed Defendants' motion and finds that it invokes only state-law immunity concepts, stating that the claims in this lawsuit implicate "absolute immunity in their official capacities and discretionary function immunity in their individual capacities." Doc. 8 at 1. Defendants' reference to "qualified immunity and state-agent immunity" is a reference to state-law immunity, supported by a citation to a state-law immunity case, *Ex parte Cranman*, 792 So. 2d 392 (Ala. 2000). Doc. 8 at 6. Defendants do not rely on the federal qualified immunity analysis that, once it is established that a defendant was acting within his discretionary authority, would require the court to ask whether "the facts alleged show the officer's conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "[I]f a constitutional right would have been violated under the plaintiff's version of the facts," the court would then determine "whether the right was clearly established." *Wood v. Kesler*, 323 F.3d 872, 878 (11th Cir. 2003). Federal qualified immunity is an affirmative defense. *See Crawford-El v. Britton*, 523 U.S. 574, 587 (1998) (stating that qualified immunity is an affirmative defense and the burden of pleading it rests with the defendant). While Plaintiff must show the violation of a clearly established right, *Rich v. Dollar*, 841 F.2d 1558, 1564 (11th Cir. 1988), the court cannot conclude that Defendants' motion has invoked federal qualified immunity as a defense so

as to place that burden on Plaintiff at this time. There being no basis for dismissal of these federal claims, the court concludes that the motion to dismiss as to the federal claims against these individuals is due to be DENIED, but the denial will be without prejudice to Defendants' ability to advance an appropriate qualified immunity defense at a later stage of the proceedings.

**B.     State-Law Claims**

   *1.     ALDOE*

The Eleventh Amendment bars this court from considering state-law claims against the ALDOE. *See Pennhurst St. Sch. & Hosp. v. Halderman,* 465 U.S. 89, 103 (1984). Therefore, the Motion to Dismiss is due to be GRANTED as to the state-law claims asserted against the ALDOE.

   *2.     Individual Defendants in Official Capacities*

State officials are immune from suits based on state law brought in federal courts. *See Pennhurst*, 465 U.S. at 106. Furthermore, the *Ex parte Young* exception does not apply to the plaintiff's state-law claims. *Id.* (stating that a "federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law [and therefore *Young* is] inapplicable in a suit against state officials on the basis of state law"). Therefore, the Motion to Dismiss is due to be GRANTED as to all state-law claims against Fulton and Barrett in their official capacities.

   *3.    Individual Defendants in Individual Capacities*

Defendants move for dismissal of the state-law claims brought against Barrett and

Fulton in their individual capacities, arguing that Barrett and Fulton were exercising their judgment in performing their duties as the Program Coordinators for the Child Nutrition Program. Defendants contend that there is no basis for abrogating state-law immunity because Brooks has failed to allege that Barrett and Fulton acted willfully, maliciously, fraudulently, in bad faith, or beyond their authority when performing their duties.

The Alabama Supreme Court has established a burden-shifting framework for application of state-agent immunity. A defendant initially bears the burden of demonstrating that he was acting in a function that would entitle the agent to immunity. *Ex parte Estate of Reynolds*, 946 So. 2d 450, 452 (Ala. 2006). "If the State agent makes such a showing, the burden then shifts to the plaintiff to show that the State agent acted willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority." *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 741 (11th Cir. 2010).

Brooks' theory does not appear to be that Barrett and Fulton acted willfully or maliciously, but instead appears to be that immunity is abrogated because Barrett and Fulton failed to perform their job functions as outlined in statutes and regulations. Doc. 18 at 9. He argues in brief that his complaint states that he was never provided specific information that Barrett and Fulton had a duty and responsibility to provide. Doc. 18 at 9. He also alleges that Barrett did not publicly list a bid as required by law. Doc. 1 at 21.

Defendants do not directly respond to Brooks' argument that Barrett and Fulton failed to perform their job functions as required by statutes and regulations, but instead say that the documents Brooks attaches to his complaint do not support his theory, and that Barrett and Fulton properly exercised judgment in performing their duties.

8

Immunity can be abrogated when state officials act beyond their authority by failing to discharge duties pursuant to detailed rules and regulations. *See Ex parte Butts*, 775 So. 2d 173, 178 (Ala. 2000) (stating that immunity may be abrogated "if any employee failed to discharge duties pursuant to detailed rules or regulations, such as those stated on a checklist"). Under Alabama law, even when state officials are under a mandatory duty to follow guidelines and rules, however, the guidelines and rules must be sufficiently detailed to impose specific duties for immunity to be abrogated. *Giambrone v. Douglas*, 874 So. 2d 1046, 1056 (Ala. 2003).

The resolution of the state-immunity issues in this case will require an examination of the duties imposed by laws and regulations which Brooks alleges were violated, as well as facts regarding the actions of Barrett and Fulton. The court cannot appropriately conduct that analysis at this point, however, because although Brooks has attached various documents to his complaint the parties disagree as to the facts established by the documents. Doc. 19 at 3. For example, Defendants state that the documents show that Brooks' barbeque sauce was tested, but Brooks disputes that the required tests occurred, alleging in his complaint that he has never been provided requested documents showing a taste test was conducted, and an investigator researched and concluded that some of the schools may not have actually conducted the taste test. Doc. 1 at 8. In reviewing a motion to dismiss, the court cannot resolve factual disputes, but must accept the allegations as

pleaded.[1]

Because Defendants' motion does not challenge Brooks' pleading in any way other than to assert immunity, and the court cannot conclude at this point in the proceedings that any state-law immunity defense applies, the Motion to Dismiss is due to be DENIED as to the state-law claims against Barrett and Fulton, individually. *Cf. Ex parte Alabama Dep't of Mental Health & Retardation*, 837 So. 2d 808, 813–14 (Ala. 2002) (stating that a motion to dismiss is "typically not the appropriate vehicle by which to assert qualified immunity or State-agent immunity and that normally the determination as to the existence of such a defense should be reserved until the summary-judgment stage, following appropriate discovery.").

## V. CONCLUSION

For the foregoing reasons, it is ORDERED that the motion to dismiss (Doc. 8) is GRANTED in part and DENIED in part as follows:

1. The motion is GRANTED as to Plaintiff's federal and state-law claims against the Alabama State Department of Education and Barrett and Fulton in their official capacities and those claims are DISMISSED without prejudice as barred by Eleventh Amendment immunity.

2. The motion is DENIED as to Plaintiff's federal and state-law claims against Barrett and Fulton in their individual capacities. This denial is without prejudice to

---

[1] Because the documents were attached to the complaint, the court is not required to convert the motion to one for summary judgment. *See Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005).

Defendants' ability to assert immunity defenses at a later stage of the proceedings as to these claims.

3. If Brooks intends to seek prospective injunctive relief against the state officials in their official capacities, Brooks has until **August 17, 2018** to file a new amended complaint complete unto itself which pleads the prospective injunctive relief sought and the basis for it. If Brooks does not file an amended complaint, the case will proceed only on the claims in the original complaint against Barrett and Fulton in their individual capacities and will not proceed against Barrett and Fulton on any official capacity claims.

DONE this 7th day of August, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE